1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10

11   SERGIO C.,                                Case No.:  3:20-cv-02270-AHG
12                              Plaintiff,
                                               **ORDER GRANTING JOINT**
13   v.                                        **MOTION FOR THE AWARD AND**
                                               **PAYMENT OF ATTORNEY FEES**
14   KILOLO KIJAKAZI, Acting                   **AND EXPENSES**
     Commissioner of Social Security,
15
                                               **[ECF No. 22]**
16                             Defendant.
17

18        Before the Court is the parties' Joint Motion for the Award and Payment of Attorney

19   Fees and Expenses Pursuant to the Equal Access to Justice Act. ECF No. 22. For the

20   reasons set forth below, the Court **GRANTS** the parties' joint motion.

21   **I.    BACKGROUND**

22        The  underlying  action  involves  Plaintiff's  appeal  of  the  Social  Security

23   Administration's denial of his application for supplemental security income at the agency

24   level. ECF No. 1. After the Commissioner of Social Security ("Defendant") filed the

25   administrative record in lieu of an answer, the Court issued a scheduling order. ECF No.

26   14. Among other requirements in the scheduling order, the Court directed the parties to

27   engage in formal settlement discussions, and set a deadline of December 20, 2021 for the

28   parties either to stipulate to a dismissal or remand of the case, or to file a Joint Status Report

notifying the Court that they were unable to resolve the matter in settlement discussions. *See id.* at 2. The Court later extended the Joint Status Repot deadline to January 3, 2022. ECF No. 17.

Although the parties were unable to resolve the matter through settlement discussions prior to the Joint Status Report deadline, *see* ECF No. 18, a few weeks later on February 17, 2022, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 19. The following day, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administrative action, and entered a final judgment reversing the final decision of the Commissioner. ECF No. 20. A Clerk's Judgment was entered on February 22, 2022. ECF No. 21.

On April 13, 2022, the parties filed the instant motion. ECF No. 22. The parties jointly request that Plaintiff receive an award of attorney fees and expenses in the amount of $1,890.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). *Id.* at 1. In support of the request, the parties have submitted a time sheet showing that Plaintiff's counsel Lawrence D. Rohlfing completed 2.7 hours of work at $207.78[1] per hour (the EAJA rate for 2020) and 3.05 hours of work at $217.54 per hour (the EAJA rate for 2021). Additionally, three paralegals at Mr. Rohlfing's office performed a total of 5.05 hours of work on the case at a billing rate of $143.00, for a total billed fee amount of $1,946.65, although the total fee request has been discounted to $1,890.00. *See* ECF No. 22 at 1; ECF No. 22-2.

\\

\\

---

[1] The billing statement incorrectly lists the 2020 EAJA billing rate as $207.75 rather than $207.78. However, the total billed fee amount of $1,946.65 listed on the billing sheet is correctly calculated as the sum of (2.7 x $207.78) + (3.05 x $217.54) + (5.05 x $143.00). *See* ECF No. 22-2. Thus, the correct EAJA rates were used to calculate the fee total. In any event, the discrepancy is immaterial because the parties have jointly requested a discounted fee total of $1,890.00.

1   **II.    THRESHOLD ISSUE OF TIMELINESS**

2          According to the EAJA, an application for fees must be filed "within thirty days of

3   final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final

4   and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the

5   EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in

6   Federal Rule of Appellate Procedure 4(a).[2] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612

7   (9th Cir. 2007).

8          Here, the parties filed the motion for EAJA fees on April 13, 2022, 50 days after

9   judgment was entered on February 22, 2022. Therefore, at first blush, the motion before

10  the Court may seem premature, since it was filed before the end of the 60-day appeal

11  period. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393

12  (9th Cir. 1986) ("Section 2412(d)(1)(B) establishes a clear date *after which* applications

13  for attorney fees must be rejected as untimely; 30 days after final judgment. The statute is

14  less clear about a time *before which* applications must be rejected.").

15         However, the *Auke Bay* court explained that even where the appeal period has not

16  yet run, an application for EAJA attorney fees is nonetheless timely "if (1) the applicant

17  files *no more than* 30 days after final judgment, and (2) the applicant is able to show that

18  he or she 'is a prevailing party and is eligible to receive an award under this subsection.'"

19  *Id.* (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)). Thus, an early application is

20  timely where "a court order substantially grants the applicant's remedy before final

21  judgment is entered" such that the applicant is able to show that she has prevailed. *Auke*

22  *Bay*, 779 F.2d at 1393. The Court finds that these criteria are met here, such that the joint

23  motion for EAJA fees is timely. *See, e.g.*, *Dickey v. Colvin*, No. 14-CV-00629-WHO, 2015

24  WL 575986, at *3 (N.D. Cal. Feb. 10, 2015) (applying *Auke Bay* to conclude a plaintiff's

25  EAJA fee motion was not premature in a Social Security case, although the motion was

26

27  _____

28  [2] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed
    by any party within 60 days after entry of the judgment or order appealed from" if one of
    the parties is the United States or a United States officer sued in an official capacity. Fed.
    R. App. P. 4(a)(1)(B).

filed before the 60-day appeal period had run, where the court had remanded for payment of benefits rather than further proceedings) (citing *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("An EAJA application may be filed *until* 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended.")). Here, the Court substantially granted Plaintiff's remedy before entry of final judgment, by granting the parties' Joint Motion for Voluntary Remand and reversing the final decision of the Commissioner denying Plaintiff's application for benefits. *See* ECF Nos. 19, 20. Therefore, the Court finds the joint motion is timely.

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

### A. Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schaefer*, 509 U.S. at 302). Here, as discussed above, Plaintiff is the prevailing party because this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."); *Ulugalu*, 2018 WL 2012330, at *2 (in a case where the parties jointly stipulated to remand, "because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence-four, Plaintiff is a prevailing party"); *see* ECF No. 20 (remanding the case pursuant to sentence four of 42 U.S.C. § 405(g)).

### B. Substantial justification

The government bears the burden of proving that its position, both in the underlying

administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of [Plaintiff's] request for EAJA attorney fees[.]" ECF No. 22 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Furthermore, "[b]ecause the Commissioner filed a voluntary stipulation for remand and the matter was referred to an Administrative Law Judge to make a new determination as to Plaintiff's disability, the Court is persuaded the Commissioner did not have substantial justification for denying Plaintiff disability rights." *Ulugalu*, 2018 WL 2012330, at *3.

## C.    Reasonableness of Hours

The parties seek a fee award for 5.75 hours billed by Plaintiff's counsel and 5.05 hours billed by paralegals at Plaintiff's counsel's firm. ECF No. 22-2. The Court finds the number of hours billed by Plaintiff's counsel to be reasonable. *See* 28 U.S.C. § 2412(d). Indeed, the total number of hours billed—10.8—is far below the typical range seen in social security appeals. *See, e.g.*, *Costa*, 690 F.3d at 1136 (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours). Therefore, the Court will not question counsel's judgment that the hours expended by both Mr. Rohlfing and by paralegals Enedina Perez, Sue Roe, and Michelle Cruz were necessary to achieve

1    the favorable result for the client in this case. *See Nadarajah v. Holder*, 569 F.3d 906, 918

2    (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees); *see also Costa*

3    *v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's

4    previous position that "courts should generally defer to the 'winning lawyer's professional

5    judgment as to how much time he was required to spend on the case.'") (quoting *Moreno*

6    *v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)).

7         **D.**     **Reasonableness of Hourly Rate**

8         The EAJA provides that the Court may award reasonable attorney fees "based upon

9    prevailing market rates for the kind and quality of the services furnished," but "attorney

10   fees shall not be awarded in excess of $125 per hour unless the court determines that an

11   increase in the cost of living or a special factor, such as the limited availability of qualified

12   attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

13   As noted, the statutory maximum EAJA rate for work performed in 2020 in the Ninth

14   Circuit, factoring in increases in the cost of living, was $207.78, and the statutory

15   maximum EAJA rate for 2021 was $217.54. *See* United States Courts for the Ninth

16   Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*,

17   https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Apr. 14,

18   2022); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA

19   provides for an upward adjustment of the $125 rate contained in the statute, based on cost-

20   of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g., Black*, 2019 WL

21   2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate).

22   Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate

23   of $207.78 per hour for work performed in 2020, and at a rate of $217.54 per hour for work

24   performed in 2021. ECF No. 22-2. As such, the Court finds that the hourly rate billed by

25   counsel is reasonable.

26         **E.**     **Assignment of Rights to Counsel**

27         The parties jointly request that "[f]ees shall be made payable to [Plaintiff], but if the

28   Department of the Treasury determines that [Plaintiff] does not owe a federal debt, then

the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by [Plaintiff]." ECF No. 22 at 2; *see also* ECF No. 22-1 ¶ 4 (agreement signed by Plaintiff stating that Plaintiff "shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

Here, Plaintiff assigned his right to EAJA fees to his attorney. ECF No. 22-1. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may

be paid directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC pursuant to the assignment agreement.[3]

## IV.    CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1.    The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (ECF No. 22) is **GRANTED**;

2.    Plaintiff is awarded attorney fees under the EAJA in the amount of $1,890.00; and

3.    Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC.

**IT IS SO ORDERED.**

Dated:  April 14, 2022

Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] The assignment agreement defines "Attorney" as "the Law Offices of Lawrence D. Rohlfing." ECF No. 22-1. Accordingly, the assignment provision stating that Plaintiff "assigns [EAJA] fee awards to Attorney" is consistent with the parties' request that the Court order the payment of EAJA fees directly to the firm, if Plaintiff has no federal debt that is subject to offset.