UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO C.,<br><br>                      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>                      Defendant. | Case No.:  3:20-cv-02270-AHG<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1383(d)(2)(B)**<br><br>**[ECF No. 24]** |

This matter comes before the Court on Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 1383(d)(2)(B), filed by Plaintiff's counsel Lawrence D. Rohlfing on April 27, 2023. ECF No. 24. For the reasons set forth below, the Court **GRANTS** the motion.

I.   BACKGROUND

Plaintiff Sergio C. ("Plaintiff") filed this action on November 20, 2020, seeking review of the Commissioner of Social Security's ("Commissioner") denial of his application for social security disability and supplemental security income benefits. ECF No. 1. The parties consented to proceed before a Magistrate Judge on December 2, 2020. ECF No. 7. Pursuant to the Court's Order, the parties filed a Joint Motion for Judicial Review on November 1, 2021, stating their positions on the disputed issues in the case. ECF No. 13. On February 2, 2022, the Court reversed the Commissioner's denial of disability insurance benefits and remanded to the Administrative Law Judge ("ALJ") for the calculation and award of benefits. ECF No. 21. On remand, the Commissioner awarded Plaintiff $105,397.44 in total past due benefits. ECF No. 24-5. On April 14, 2022, pursuant to a joint motion, this Court awarded Plaintiff $1,890.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 22.[1]

In the instant motion, Plaintiff's counsel Lawrence D. Rohlfing seeks an order awarding him attorney fees in the amount of $20,000 for representing Plaintiff in this action, and further ordering Mr. Rohlfing to reimburse Plaintiff the amount of $4,930.00 for the EAJA fees previously awarded by the Court. ECF No. 24. The Commissioner has taken no position on the reasonableness of counsel's request. Despite being given notice of the Motion and his right to file a response by both Mr. Rohlfing and the Court, Plaintiff

---

[1] Although the Court granted an EAJA fee award in the amount of only $1,890.00 in this action, the Court previously granted a $3,040.00 EAJA fee award following Plaintiff's earlier appeal to this Court. *See Carranza-Villalobos v. Berryhill*, Case No. 3:17-cv-2273-BEN-MSB, at ECF No. 26 (Feb. 11, 2019). Therefore, the Court references a total EAJA fee award of $4,930.00 throughout this Order.

has not responded to date. Accordingly, the Court took the matter under submission and finds it ripe for decision without oral argument.

## II.　LEGAL STANDARD

Section 1383(d)(2) is the attorney fees provision that applies where, as here, a claimant is awarded Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See Barrera Aguilar v. Saul*, No. CV 16-7565 SS, 2019 WL 6175021, at *1 n.2 (C.D. Cal. Sept. 16, 2019). The legal standard for analyzing an attorney fee claim under § 1382(d)(2) is the same as the legal standard for analyzing a similar request under 42 U.S.C. § 406 arising from a successful claim for Disability Insurance Benefits ("DIB") under Title II. *Id.* The Court will therefore rely on authority interpreting a request for attorney fees under either § 1383(d)(2) or § 406 in this Order, and refer to § 1383(d)(2) and § 406 interchangeably. *See* 42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 406 [] shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter."); *see also Gumm v. Colvin*, 2016 WL 4060303, at *2 (C.D. Cal. July 28, 2016) ("[T]he Court analyzes the [§ 1383(d)(2)] Motion as if it were a request for Section 406(b) fees.").

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable[2] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

---

[2] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the [lodestar] amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

### III.  DISCUSSION

On August 12, 2016, Plaintiff and the Law Offices of Lawrence D. Rohlfing entered into a Social Security Representation Agreement ("Agreement"). ECF No. 24-1. Pursuant to the Agreement, where, as here, counsel successfully prosecuted any adverse decision of the Social Security Administration in federal court, Plaintiff agreed to pay counsel a

---

406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 (explaining that attorney fee awards under 42 U.S.C. § 406(b), "in contrast" to fee awards assessed against the losing party under fee-shifting statutes, "are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar calculation, when the motion was not opposed by the Commissioner or plaintiff); *Berry v. Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807 at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

contingency fee of 25% of past-due benefits awarded by the Commissioner upon reversal of any unfavorable ALJ decision for work before the Court. *Id.* ¶ 4.

The administrative proceedings became final on April 20, 2023, when the Social Security Administration issued its Notice of Award of $105,397.44. *See* ECF No. 24 at 9. Plaintiff's counsel seeks a total award of $20,000.00 under the contingency fee contract, representing 19% of the past due benefits paid or payable to Plaintiff, compared to the total withholding of $26,349.36. ECF No. 24 at 3; *see* ECF No. 24 at 5 (awarding Plaintiff $105,397.44 in total past due benefits). Counsel argues that the amount sought in the instant motion "is reasonable in light of the services expended and results achieved," considering counsel's firm "expended 29.34 hours of attorney time and paralegal time in the representation of [Plaintiff] in this matter through the entry of the order of remand." *Id*. at 9.

If the motion is granted, Plaintiff's counsel would be required to reimburse Plaintiff the $4,930.00 in EAJA fees previously awarded by the Court. *See, e.g.*, *Gisbrecht*, 535 U.S. at 796, (noting that attorney fees are payable under both § 406(b) and EAJA, but "the claimant's attorney must refund to the claimant the amount of the smaller fee.") (quoting EAJA, Section 206(b) of Pub. L. No. 96-481, as amended by Pub. L. 99-80, § 3, 99 Stat. 186 (Aug. 5, 1985)); *Stephanie Nicole M. G. v. Kijakazi*, No. CV 5:20-01481-RAO, 2022 WL 2235805, at *2 (C.D. Cal. Apr. 20, 2022) ("An attorney must refund to the client the EAJA fees received when the § 406(b) award exceeds the EAJA fees.").

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel and his paralegals

expended 29.34 hours on this case.[3] *Id*. at 12. The *de facto* hourly rate is $681.66,[4] which falls on the low end of the range that has been approved by courts in similar cases, including in this district. *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Likens v. Colvin*, No. 11-CV-0407-LAB-BGS, 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (approving *de facto* hourly rate of $666.68); *Nash v. Colvin*, No. 12-cv-2781-GPC-RBB, 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving *de facto* hourly rate of $656); *Sproul v. Astrue*, No. 11-cv-1000-IEG-DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (approving *de facto* hourly rate of $800).

Moreover, the Court finds that Plaintiff's counsel "assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz*, 2020 U.S. Dist. LEXIS 147006, at *5–6. The Court may consider the risk assumed by counsel when considering the reasonableness of a fee request. *Id*.; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (finding a § 406(b) fee request amounting to a *de facto* hourly rate of $912.56 to be reasonable where "[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed—and indeed, is now less than—the 25 percent statutory cap, and Counsel's efforts ultimately proved quite successful for plaintiff."). Similarly, here, counsel's $20,000 fee request is less than the 25% statutory

---

[3] While every case is different, the amount of time spent on this case (20.59 hours by counsel and 8.75 hours by counsel's paralegals) is similar to the time spent by counsel and paralegals in each of the three underlying cases approved by the Ninth Circuit in *Crawford*. 586 F.3d at 1145 (The time spent in the three underlying cases was: 19.5 hours by counsel and 4.5 hours by paralegal in *Crawford*; 17.45 hours by counsel and 4.7 hours by paralegal in *Washington*; and 26.9 hours by counsel and 2.6 hours by paralegal in *Trejo*).

[4] The *de facto* hourly rate is calculated by dividing the $20,000.00 fee requested [amount of reward sought] by 29.34 hours [total hours worked].

cap, amounting to 19% of the total $105,397.44 in past-due benefits awarded to Plaintiff on remand.

Lastly, Plaintiff's counsel has submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 24-4. The Court finds these billing records reflect a reasonable amount of time spent on work before the Court to bring this case to a successful result for Plaintiff. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors that might favor reducing the fee award, such as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case" are present in this case. *Gisbrecht*, 535 U.S. at 808. Consequently, the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *Id.*

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. §406(b). The Court **AWARDS** Lawrence D. Rohlfing, Esq. attorney fees in the amount of $20,000.00. The Court **HEREBY ORDERS** Lawrence D. Rohlfing, Esq to reimburse Plaintiff the amount of $4,930.00 for EAJA fees awarded by this Court.

**IT IS SO ORDERED**.

Dated:  June 27, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge